UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TRAVIS B. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:25-CV-155-TAV-DCP |
| | ) | |
| LOUDON COUNTY SHERIFF'S OFFICE, | ) | |
| JEFF HARRIS, CITY MAYOR, | ) | |
| JIMMY DAVIS, SHERIFF, and | ) | |
| TIM GUIDER, | ) | |
| | ) | |
| Defendants. | ) | |

!

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's pro se Rule 60(b) motion [Doc. 19] and supplements thereto [Docs. 20, 21, 22]. For the reasons below, plaintiff's motion [Doc. 19] is **DENIED**.

### I.    Background

Plaintiff filed a motion for leave to proceed *in forma pauperis* [Doc. 7] and a complaint [Doc. 1] against the defendants. After screening the complaint, Magistrate Judge Debra C. Poplin granted plaintiff's application to proceed *in forma pauperis* [Doc. 7] but recommended, in a report and recommendation ("R&R") that plaintiff's complaint [Doc. 1] be dismissed in its entirety for failure to state a claim upon which relief can be granted and because the action appeared frivolous [Doc. 13]. No timely objections were filed to the R&R, and the Court adopted it and dismissed this action [Doc. 16].

After the Court closed the case [Doc. 16], plaintiff filed objections to the R&R [Doc. 17], and a supplement to those objections [Doc. 17]. Plaintiff now asks the Court to

reconsider under Rule 60(b) of the Federal Rules of Civil Procedure citing excusable neglect [Doc. 19]. Plaintiff contends that his mailing of his objections was delayed due to a federal holiday which he was unaware of [*Id*.]. Plaintiff also states that he has new medical records [*Id*.].

## II.    Analysis

Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment, order, or proceeding for a number of reasons, including "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b). As a general matter, "relief under [this rule] is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Thus, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

For purposes of this motion, the Court will simply accept as true plaintiff's assertion that his mailing of his objections was delayed in the mail by a federal holiday and that plaintiff was unaware of that holiday, and operate under the assumption that such constitutes excusable neglect.

After reviewing plaintiff's belatedly filed objections [Doc. 17] and his supplement thereto [Doc. 18], the Court finds no error. This Court reviews *de novo* those portions of the magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

2

72(b)(3); *Smith v. Detroit Fed'n of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira*, 806 F.2d at 637 (internal quotation marks omitted). In other words, a litigant must identify each issue in the report and recommendation to which the litigant objects with sufficient clarity such that the Court can identify it, or else that issue is deemed waived. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). If "objections merely restate the arguments asserted in [a party's] earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived." *Modrall v. U.S. Dep't of Educ.*, No. 1:19-cv-250, 2020 WL 2732399, at *2 (E.D. Tenn. May 26, 2020) (citing *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)).

> In the R&R, Judge Poplin summarized plaintiff's allegations as follows:
>
> [Plaintiff] alleges that his father and other family members are members of a KKK group with ex-police chief of the City of Loudon, Bill Anderson, and former sheriff of Loudon County, Joe Simms. He alleges that the Loudon County Sheriff's Office has taken away his liberty since he was a newborn baby in 1979 "as he was radicalized with state[-]sponsored church abuse (terrorism), in body computer base cyberterrorism[,]" which was adopted into policy in 1980.
>
> He states that in 2004, he "caught [his] father . . . in the middle of a homicide" which he "got attacked for investigating," and that "remains were found in 2010." He claims that he "was not given Miranda on the violations" and the investigation, conducted by Defendant Guider, was "a long, tiring one." He asserts that he has had "dangerously low potassium and sodium readings" during a "torture exam at [Fort Sanders Regional Medical Center]," recurring blood pressure spikes, and suffered "a broken left leg, when cybertools were

3

used on his left leg." He lists a "12[-]piece preponderance of evidence," including "photographs and videos of his father and ex-chief Bill Anderson, medical records, and proof of the "psychological abuse [and] manipulation from channeling online communication to [his] person from the system." He asserts violations of the First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments, which include deprivations of free speech and religious liberty; unlawful surveillance; listening without consent; cruel and unusual punishment; systemic hactivism; computer crime; and violations of data privacy.

Plaintiff seeks an emergency injunction "to stop slavery and terrorism" and states that "absent relief [he] will suffer irreparable harm . . . [have] no liberty and remain a slave . . . [have] no cyberterrorism relief, [with the] inability to free radicals from his system." He also asks for a variety of relief including several billion dollars and expungement of his criminal record.

Plaintiff notes that he filed to lawsuits "trying to dismantle [his family] and the [D]epartment." He contends that the Court wrongly misunderstood the prior claims as frivolous and that the abuse has become more violent with two broken bones and worsening oppression. Plaintiff states that he lacked counsel and was unfamiliar with procedure and that the Court unfairly adjudicated his prior claims.

[Doc. 13, pp. 3–4 (internal citations omitted)].

After screening the complaint under 28 U.S.C. § 1915(e)(2), Judge Poplin recommended that plaintiff's complaint be dismissed in its entirety because it is frivolous and fails to state a claim upon which relief can be granted [*Id*. at 5]. Judge Poplin stated that the allegations in plaintiff's complaint are too vague and conclusory to demonstrate a valid claim upon which relief could be granted, as plaintiff does not present any factual assertions to support his claim of a conspiracy to deprive him of his civil rights through torture and enslave him through cyberterrorism [*Id*.]. Additionally, Judge Poplin stated that the Court need not credit these allegations which appear to be based on a delusional scenario and rise to the level of irrational [*Id*.].

In his objections, plaintiff states that his submitted medical records showing two leg fractures "proves deprivation of rights," and the fact that one of his prior complaints was dismissed as frivolous "proves the violation is still in progress" [Doc. 17, pp. 1–2]. Plaintiff contends that he "proved the existence of conspiracy with the state/church – the Dr. Oz show 2016 being an example another privacy [and] publicity violation displaying the churches [*sic*] 24/7 – civil rights intimidation love > fear "driving nuts" cyberterrorism show mild mannered beavers – father [and] son from TN Valley" [*Id*. at 3]. Plaintiff further alleges that "Former President Biden also confirmed tools [and] church abuse saying [plaintiff] needed to be deradicalized and immobilized – and most of all President Trump in 2016, who . . . confirmed let both sides of [plaintiff's] family rise" [*Id*.]. Plaintiff asserts that these allegations are not "fantastical or frivolous" [*Id*. at 11].

In essence, plaintiff's objections were restatements of the allegations in his complaint, which he contends are not "delusional" or "frivolous," as indicated in the R&R. But restatement of prior arguments is not a proper objection to an R&R. *See Modrall*, 2020 WL 2732399, at *2.

Regardless, the Court notes that "[a] complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law" and "[a]n ation has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or 'wholly incredible.'" *Scott v. Att'y Gen. Office*, No. 1:23-cv-P185, 2024 WL 1609377, at *1 (W.D. Ky. Apr. 12, 2024). "Numerous cases have rejected as delusional or fantastic claims . . . that transmitters, microchips, tracking devices, or other devices have been implanted inside of a [person]'s body or brain to monitor or control his

thoughts or activities." *Id.* (quoting *Henry v. Pozios*, No. 2:23-cv-10788, 2023 WL 3213538, at *4 (E.D. Mic. May 2, 2023)). Moreover, "[f]ederal courts routinely dismiss allegations regarding broad-based conspiracies of computer hacking, surveillance, tracking, and the like, as factual frivolous under § 1915 where these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible." *Tulk v. Democratic Nat'l Party*, No. 2:17-cv-685, 2020 WL 762877, at *6 (S.D. W. Va. Jan. 14, 2020) (quoting *Nduka v. Williams*, No. 19-cv-4316, 2019 WL 5293649, at *2 (E.D. Pa. Oct. 17, 2019)).

Plaintiff's allegations regarding "in body cyberterrorism," are the type of delusional and irrational allegations that fail to state a claim. As the Western District of Kentucky noted in a case raising illogical and delusional allegations such as these, "[i]t is clear that the Court is not the forum that can provide Plaintiff with the type of assistance []he needs." *Marshall v. Staffieri*, No. 3:09-cv-448, 2009 WL 2476556, at *2 (W.D. Ky. Aug. 11, 2009). Plaintiff's objections to the R&R are availing. Accordingly, plaintiff's motion for reconsideration [Doc. 19] is **DENIED**.

## III. Conclusion

For all the reasons discussed above, plaintiff's motion [Doc. 19] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE